IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2020 MCLAREN 600LT SPIDER, ET AL.,<br><br>Defendants. | 8:22-CV-240<br><br>**INJUNCTION ORDER AND ORDER TO PRESERVE, MAINTAIN, AND SECURE THE DEFENDANT PROPERTY** |

This matter is before the Court on the United States of America's Application for an Injunction pursuant to 18 U.S.C. § 983(j)(1)(A) and Rule 65 of the Federal Rules of Civil Procedure, which provide courts with jurisdiction to enter an injunction following the filing of a Complaint, and take such other action in connection with any property or other interest subject to forfeiture to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

The Complaint, Filing 1, establishes probable cause that the property with respect to which the order is sought is subject to civil forfeiture;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j)(2), THAT:

1. Farmers NW Life Insurance and its employees and agents are ENJOINED AND RESTRAINED from transferring (by wire or other means), conveying, diminishing, releasing, or disposing of funds and monies held in Policy Number 009138164 of Defendant Accounts described in Filing 1 (the Complaint).

2. All persons including Blake Cook, Jeff Stenstrom, and their agents, servants, employees, attorneys, family members and those persons in active concert or

participation with them, as well as all heirs, devisees, executors and administrators of the estate of Brett Cook (deceased), are hereby ENJOINED AND RESTRAINED from withdrawing, distributing, giving away, encumbering or otherwise removing from the jurisdiction of this Court, or from any checking or savings account, any interest in funds or monies obtained or received, directly or indirectly, in all three of the Defendant Accounts described in Filing 1 (the Complaint) without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

3. All persons and entities including Jeff Stenstrom, Brian Cook, Blake Cook, and Midwest Property Maintenance Solutions (MPMS), and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, as well as all heirs, devisees, executors and administrators of the estate of Brett Cook (deceased), are hereby ENJOINED AND RESTRAINED from using, transporting, moving, transferring title, encumbering or otherwise removing from the jurisdiction of this Court, the Defendant Vehicles described in Filing 1 (the Complaint) without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

4. All persons and entities including Jeff Stenstrom, Brian Cook, Blake Cook, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, as well as all heirs, devisees, executors and administrators of the estate of Brett Cook (deceased), are hereby ENJOINED AND RESTRAINED from transferring, using, selling, trading, dissipating or otherwise removing from the jurisdiction of this Court, the Defendant Jewelry described in

Filing 1 (the Complaint) without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard.

5. The terms of this Order shall remain in full force and effect pending resolution of this civil case or until the Court orders otherwise.

Dated this 5th day of July, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge