IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>2020 McLaren 600LT Spider et al,<br><br>      Defendants. | 8:22-CV-240<br><br>MOTION FOR WRIT OF ENTRY |

   COMES NOW the United States of America, Plaintiff in the above-captioned matter, by and through the Acting United States Attorney for the District of Nebraska and the undersigned Assistant United States Attorney, hereby moves this Court for the issuance of a Writ of Entry, as authorized by 18 U.S.C. §§ 983(j) and 985(b)(2), for the purpose of conducting an inventory, inspection, and appraisal of 5605 North 168th Street, Omaha, Nebraska ("defendant property") pursuant to 18 U.S.C. § 985 and 19 U.S.C. § 1606.

   1.  As alleged in the Amended Verified Complaint for Forfeiture In Rem, the defendant property is subject to forfeiture for violation of federal laws. (Docket 15).

   2.  Title 18 U.S.C. § 985 provides that forfeitures of real property are initiated by filing a complaint, posting notice on the property, and serving the property owner with a copy of the complaint. No other action needs to be taken to give the court jurisdiction over the property. 18 U.S.C. § 985(c)(3).

   3.  Subsection 985(b)(2) explicitly allows for a Writ of Entry to be executed "for the purpose of conducting an inspection and inventory of the property" and further provides that execution of such a Writ of Entry "shall not be considered a seizure." *See also* 19 U.S.C. § 1606 (providing that "The appropriate customs officer shall determine the domestic value, at the time

and place of appraisement, of any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs laws.") (incorporated by 18 U.S.C. § 981(d)).

4. The need to inspect the premises is especially important where the property is only constructively seized, as is the case here. This inspection should, among other things, enable the United States to appraise the condition and value of the property, and permit the United States to take an inventory of the property, including the use of still and video photography of the premises. Moreover, as provided in 18 U.S.C. § 983(j)(1), the court has broad discretion to enter protective orders and to "take any other action" in order to "secure, maintain or preserve the availability of property subject to civil forfeiture." Without such an inspection at the outset of the case, it would be difficult to "secure, maintain or preserve the availability of property" that is subject to forfeiture because there would not be an accurate record documenting the condition of the property.

5. Finally, the provisions of 18 U.S.C. § 2232(b) make it a crime for anyone to take any action that would impair the Court's In Rem jurisdiction over property that is subject to forfeiture. Thus, the Writ of Entry should also provide that any interference with its execution shall be deemed a violation of a Court order, punishable as a contempt, as a violation of 18 U.S.C. § 2232.

WHEREFORE, for all the above reasons, the United States requests that the Court issue a Writ of Entry to permit the inspection, inventory, and appraisal of the above named defendant real property.

Respectfully Submitted,

UNITED STATES OF AMERICA,

3

        STEVEN A. RUSSELL
        Acting United States Attorney
        District of Nebraska

By:       s/ Mikala Purdy-Steenholdt
        MIKALA PURDY-STEENHOLDT
        NY#5112289
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE 68102-1506
        Tel: (402) 661-3700
        Fax: (402) 345-5724
        E-mail: mikala.purdy-steenholdt@usdoj.gov