IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8-22-CV-240 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER AND AFFIRMATIVE** |
| v. | ) | **DEFENSES TO AMENDED** |
| | ) | **COMPLAINT OF FORFEITURE** |
| 2020 McLaren 600LT Spider.ET AL., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Blake Cook, in his capacities as Personal Representative for the Estate of Brett A. Cook (hereafter, "Personal Representative"), and as Trustee for the Brett A. Cook Revocable Trust (hereafter, "Trustee"), (collectively, the "Claimant"), by and through the undersigned attorney, and for Claimant's Answer and Affirmative Defenses to the Government's Amended Complaint filed August 11, 2022, states and alleges the following:

## THE DEFENDANTS IN REM

1. This Paragraph simply refers to a statute and does not require a response from Claimant.

2. In response to Paragraph 2, Claimant states that the legal descriptions recorded in the Counties where the real properties are located speak for themselves, and Claimant denies any description set forth in Paragraph 2(a) through 2(d) that is inconsistent with same. Claimant further denies that forfeiture is appropriate.

3. In response to Paragraph 3, Claimant admits only that the Government is seeking forfeiture of the vehicles identified in subparagraphs (a) through (c), but denies that forfeiture of same is appropriate.

4. In response to Paragraph 4, Claimant admits only that the Government is seeking forfeiture of the currency identified, but denies that forfeiture of same is appropriate.

5. In response to Paragraph 5, Claimant admits only that the Government is seeking forfeiture of the life insurance policies identified in subparagraphs (a) through (c), but denies that forfeiture of same is appropriate.

6. In response to Paragraph 6, Claimant admits only that the Government is seeking forfeiture of the personal property identified in subparagraphs (a) through (w), but denies that forfeiture of same is appropriate.

## JURISDICTION AND VENUE

7. Claimant denies Paragraph 7 to the extent it may contradict the United States Code provisions cited herein, and denies that forfeiture of the Defendant property is appropriate.

8. Claimant denies Paragraph 8 to the extent it may contradict the United States Code provisions cited herein, and denies that forfeiture of the Defendant property is appropriate.

## [ALLEGED] GROUNDS FOR FORFEITURE

9. Claimant denies this allegation in its entirety, because, among other reasons, Claimant is an innocent owner.

10. Claimant denies this allegation in its entirety, because, among other reasons, Claimant is an innocent owner.

## [ALLEGED] FACTS

11. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

12. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

13. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

14. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

15. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

16. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

17. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

18. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

19. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

20. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

21. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

22. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

23. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

24. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

25. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

26. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

27. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

28. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

29. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

30. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

31. Claimant admits only that Stenstrom pled guilty in Case No. 8:22-cv-55 in the District of Nebraska. Claimant denies the remainder of this Paragraph because the

allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

32. Claimant admits only that a search warrant was executed at 980 County Road W, Space 1146, Fremont, Nebraska, on or about May 3, 2022. Claimant denies the remainder of this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

33. Claimant admits only that Brett Cook died by apparent suicide, but denies the remainder of Paragraph 33 for the reason Claimant is without sufficient information to admit or deny the allegations.

34. Claimant denies this Paragraph and its subparts (a) through (q) because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

35. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

36. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

37. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

38. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

39. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

40. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

41. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

42. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

43. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

44. Claimant denies this Paragraph and its subparts (a) through (d) because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

45. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

46. Claimant admits only that Brett Cook and Brad Morehouse purchased the property located at 2202 23rd Street, Columbus, Nebraska, but denies that Brett Cook in his individual capacity was a 50% member of B&B Real Estate, LLC, and denies all remaining allegations in this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

47. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

48. Claimant admits only that Brett Cook was the 100% member of 14334 Industrial Road, LLC, and denies all remaining allegations in this Paragraph and its subparts (a) through (m) because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

49. In response to Paragraph 49, Claimant states that the real estate title record speaks for itself, and Claimant denies any and all allegations that are inconsistent with same.

50. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

8:22-cv-00240-BCB-SMB   Doc # 38   Filed: 09/15/22   Page 9 of 16 - Page ID # 362

51. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

52. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

53. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

54. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

55. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

56. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

57. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

Page **9** of **16**

58. Claimant denies this Paragraph and its subparts (a) through (l) because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

59. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

60. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

61. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

62. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

63. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

64. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

65. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

66. In response to Paragraph 66, Claimant admits only that the Trust is the beneficiary of the life insurance policy identified in Paragraph 66, that the face value of said policy is $1,000,000, and that the Trust has received the proceeds. Claimant denies the remainder of this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

67. In response to Paragraph 67, Claimant admits only that Trust is the beneficiary of the life insurance policy identified in Paragraph 67, that the face value of said policy is $1,000,000, and that the Trust has received. Claimant denies the remainder of this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

## CLAIMS FOR RELIEF

### Count One

68. Claimant incorporates its responses to the above Paragraphs as if fully set forth herein.

69. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

### Count Two

70. Claimant incorporates its responses to the above Paragraphs as if fully set forth herein.

71. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

### Count Three

72. Claimant incorporates its responses to the above Paragraphs as if fully set forth herein.

73. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

### Count Four

74. Claimant incorporates its responses to the above Paragraphs as if fully set forth herein.

75. Claimant denies this Paragraph because the allegations are directed at third persons and/or Claimant is without sufficient information to admit or deny the allegations, and therefore denies same.

### **DENIAL OF ALLEGATIONS NOT ADMITTED**

76. Claimant denies each and every remaining allegation in the Amended Complaint except those specifically admitted herein and those which constitute

admissions against the interests of the Government or other parties identified in the Amended Complaint.

### DENIAL OF CLAIMANTS' PRAYER FOR RELIEF

77. Claimant denies that the Government is entitled any relief by way of civil forfeiture, including the relief requested in its "Wherefore" Paragraph following Paragraph 75 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

78. Claimant affirmatively alleges that it is an innocent owner pursuant to 18 U.S.C. § 983(d) and its interests shall not be forfeited under any forfeiture statute.

79. Claimant affirmatively alleges that it is an owner and/or beneficial owner pursuant to 28 C.F.R. § 9.2 and forfeiture should be remitted and/or mitigated.

80. Claimant affirmatively alleges that forfeiture of the property named in the Amended Complaint violates the Excessive Fines Clause of the Eighth Amendment of United States Constitution.

81. Claimant affirmatively alleges that the Government should compensate the Claimant to the extent of its ownership interests in the property identified in Claimant's Amended Notice of Verified Claim, pursuant to 18 U.S.C. § 983(d)(5).

82. The Amended Complaint fails to state a claim upon which relief can be granted because the Claimant is entitled to possess and utilize all property identified in Claimant's Amended Verified Notice of Claim.

83. Claimant affirmatively alleges that the legal duties of Blake Cook as Personal Representative of the Estate and Trustee of the Trust supersede any relief sought by the Government in this civil forfeiture action.

84. The Government's claims are barred in whole or in part because one or more and/or all of the events and/or damages alleged were caused in whole or in part by the acts and/or omissions of third persons.

85. Claimant reserves the right to assert additional affirmative defenses that may become relevant through discovery.

## DEMAND FOR JURY TRIAL

COMES NOW Blake Cook, in his capacities as Personal Representative for the Estate of Brett A. Cook and as Trustee for the Brett A. Cook Revocable Trust, and hereby demands a jury trial on the Amended Complaint and all issues raised herein.

WHEREFORE, having fully answered, Claimant respectfully prays that the Amended Complaint be dismissed with prejudice, the costs of the action be taxed to the Government, that Claimant be awarded their attorney's fees pursuant to 28 U.S.C. § 2465(b)(1)(A), awarded post-judgement interest 28 U.S.C. § 2465(b)(1)(B), and paid interest from the proceeds of any interlocutory sale pursuant to 28 U.S.C. § 2465(b)(1)(C), and for such further relief as the Court deems just and equitable.

DATED this 15th day of September, 2022.

> Blake Cook, Personal Representative of the Estate of Brett A. Cook and Trustee for the Brett A. Cook Revocable Trust, Claimant,
>
> By:   /s/ Katherine A. McNamara
> Katherine A. McNamara, #25142
> Margaret A. Rossiter, #26853
> FRASER STRYKER PC LLO
> 500 Energy Plaza
> 409 South 17th Street
> Omaha, NE 68102-2663
> (402) 341-6000 (telephone)
> (402) 341-8290 (facsimile)

kmcnamara@fraserstryker.com

ATTORNEYS FOR CLAIMANT

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of the above and foregoing was filed electronically via PACER CM/ECF and was served this 15th day of September, 2022, by electronic mail and U.S. mail upon the following:

United States Attorney's Office
District of Nebraska
ATTN: KIM BUNJER
1620 Dodge Street #1400
Omaha, NE 68102
kim.bunjer@usdoj.gov

              */s/ Katherine A. McNamara*

2869552